**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4453**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISAIAH OLUFEMI OGUNYEMI,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:22-cr-00044-TDS-1)

Submitted:  March 31, 2023                                    Decided:  May 1, 2023

Before WILKINSON and KING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, Ira Knight, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, United States Attorney, Mary Ann Courtney, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Isaiah Olufemi Ogunyemi pleaded guilty pursuant to a plea agreement to possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Based on his relevant conduct and criminal history, Ogunyemi's Sentencing Guidelines range was 51 to 63 months' imprisonment. Ogunyemi requested a downward variance noting that a pending bill in the United States Congress would address the racial disparity in sentencing between cocaine and crack cocaine offenses. The Government requested a 54-month term of imprisonment. The court denied Ogunyemi's motion for a variance and sentenced him to 51 months' imprisonment, the bottom of the Guidelines range. On appeal, Ogunyemi asserts that the court did not give appropriate weight to the racial disparity in cocaine sentencing. We affirm.

We review "the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We are obliged to first "evaluate procedural reasonableness, determining whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citing *Gall*, 552 U.S. at 51). "[T]he district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments. Importantly, in a routine case, where the district court imposes a within-Guidelines sentence, the explanation need not be elaborate

2

or lengthy." *United States v. Fowler*, 58 F.4th 142, 153 (4th Cir. 2023) (cleaned up). "[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Jeffrey*, 631 F.3d 669, 679 (4th Cir. 2011). And "[w]hen a district court has fully addressed the defendant's central thesis during sentencing, it need not address separately each supporting data point marshalled for a downward variance." *Fowler*, 58 F.4th at 153-54 (internal quotation marks omitted).

If "the district court has not committed procedural error," we then assess the substantive reasonableness of the sentence. *Nance*, 957 F.3d at 212. Under § 3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of the factors set forth in § 3553(a)(2). Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *Id.* (internal quotation marks omitted). Any sentence below or within "a properly calculated Guidelines range is presumptively reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

We conclude that the record demonstrates that the district court considered the § 3553(a) sentencing factors in light of Ogunyemi's argument for a below-Guidelines sentence. The court first determined that it would not choose a sentence based on pending legislation, not knowing what would ultimately become law. The court analyzed Ogunyemi's circumstances, criminal history, and the danger he posed to the public, while

3

observing that prior arrests and convictions had not deterred Ogunyemi from engaging in more criminal conduct. The court also noted that Ogunyemi had more than one second chance and knew right from wrong.

Accordingly, because Ogunyemi's sentence is both procedurally and substantively reasonable, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*